IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOE HENRY SCOTT, III, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 09-0709-WS-C |
| CENTRAL RECORDS AND REVIEW BOARD, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATION

On October 28, 2009, Plaintiff, while incarcerated in Fountain Correctional Facility, filed a complaint (Doc. 1). Plaintiff did not pay the required filing fee of $350.00, nor did he file a motion to proceed without prepayment of fees. On March 15, 2010, the file was referred for review since there had been no action taken and there had been no communication from Plaintiff since the filing of this action, even until this date.

Through a review of other actions filed by plaintiff that are pending before this Court, it was discovered that, on or about January 6, 2010, plaintiff filed notices of a change in address in each of those actions, but had not filed a change of address in the above action. The change in address noted in those other cases indicate that plaintiff is no longer incarcerated. Because plaintiff filed this action while he was a prisoner, but is now no longer incarcerated, he is obligated to the pay the entire $350.00 filing fee in this action. *Gay v. Texas Dept. of Corrections State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997); 28 U.S.C. § 1915(b)(1).

Inasmuch as it appeared to the Court that plaintiff, due to inactivity, no longer wished to

proceed with this action, he was ordered, on March 15, 2010 (Doc. 2), to inform the Court, not later than April 20, 2010, if he still wished to proceed with this action. Plaintiff was informed that if the Court did not hear from him by that date, the Court would assume that plaintiff no longer wished to pursue this action, and it would be dismissed, without prejudice, due to his failure to prosecute. However, if plaintiff wished to pursue this action, he was ordered to either pay the $350.00 filing fee or to file a Motion to Proceed Without Prepayment of Fees by April 20, 2010. Plaintiff was warned that the failure to comply with this order within the prescribed time would result in the dismissal of this action for failure to prosecute and to comply with the Court's order. Plaintiff has not paid the $350.00 filing fee, has not filed a motion to proceed without prepayment of fees, nor has he otherwise responded to the Court's order of March 15, 2010.

Due to plaintiff's failure to comply with the Court's order and to prosecute this action, the undersigned recommends that the Court, through its inherent powers, dismiss this action without prejudice. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieved the orderly and expeditious disposition of cases."); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); *Wilson v. Sargent,* 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *see generally Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the

Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice).

In the present action, if plaintiff disputes the finding of failure to pay the filing fee and wants to proceed with the litigation of his action, he shall set forth in an objection to the report and recommendation the reasons for his failure to pay. *Wilson,* 414 F.3d at 1320 (citing to *Hatchet v. Nettles,* 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to a pay partial filing fee)).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

` DONE this the 28th day of April 2010.

     s/WILLIAM E. CASSADY  
     **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

        A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.